# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HARRIS et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01180 DLB PC<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS AND DIRECTING PLAINTIFF TO PAY $400.00 FILING FEE IN FULL, OR SUFFER DISMISSAL<br><br>[ECF Nos. 2 and 6] |

　　　　Plaintiff Rodney Brown, # AT-6806, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2014, along with a motion for leave to proceed in forma pauperis.[1] On July 31, 2014, the Court granted Plaintiff's motion to proceed in forma pauperis. On November 24, 2014, Plaintiff filed a First Amended Complaint.

　　　　It has come to the Court's attention that Rodney Brown (#AT-6806) served a prior commitment with the California Department of Corrections and Rehabilitation ("CDCR") under the name of Rodney O. Brown under CDCR #D-18656. See Brown v. Hubbard, Case No. 2:08-2394-EFS (E.D. Cal. 2009)[2]; see also Pl.'s Compl. Ex. B-2 (ECF No. 1). In addition, he has served a prior commitment with the CDCR under the name of Ronnie O. Brown under CDCR #K-

---

[1] On August 11, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] The Court may take judicial notice of its own records, United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), and court records in other cases, United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

89434.  Id.  Plaintiff has filed numerous actions in the District Courts under his various names and CDCR numbers.  Under the name of Ronnie O. Brown alone, Plaintiff has filed approximately fifty separate actions in the District Courts.  Id.

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The Court takes judicial notice of the following United States District Court cases: Brown v. Hubbard, Case No. 2:08-2394-EFS (E.D. Cal. 2009) (Plaintiff determined to be a vexatious litigant under 28 U.S.C. § 1915(g) and ordered to pay filing fee); Brown v. Dept. of Adult Parole Operations, et al., Case No. EDCV08-11 (JWJ) (C.D. Cal. 2008) (dismissed as legally and/or factually frivolous); Brown v. G. R. Gonzales, et al., Case No. CIV-S-07-0150 JAM EFB P (E.D. Cal. 2007) (dismissed for failure to state a claim); Brown v. State of California Judicial Council on Performance, Case No. 3:07-cv-00174-PJH (N.D. Cal. 2007) (dismissed for failure to state a claim); and Brown v. Schwarzenegger, et al., Case No. CIV S-06-2921 LKK KJM P (E.D. Cal. 2006) (dismissed as duplicative and frivolous).

The Court has reviewed Plaintiff's First Amended Complaint.  Plaintiff is suing Chief Executive Officer C. Cryer, Governor Jerry Brown, CDCR Secretary Doe #1, Appeals Examiner K. J. Allen, Policy Risk Management Branch Deputy Director J. Lewis, Court Appointed Receiver J. Clark Kelso, Warden Sandra Alfaro Pennywell, Chief Deputy Warden Van Adams, Associate Warden Bob Sweeney, Correctional Counselor B. Johnson, Acting Chief of Inmate Appeals R. L. Briggs, Lieutenant A. Padilla, Correctional Officer J. McDermett, CDCR Chief or Regulation and Policy Management Branch Timothy M. Lockwood, Correctional Counselor J. Uriza, Correctional Officer D. Person, Correctional Parole Representative Pat Horn, Psychiatric Technician H. Acosta, Sergeant J. Zermeno, Sergeant E. R. Gonzalez, CDCR Undersecretary Martin Hoshino, Correctional Administrator John Peterson, the CDCR, Warden John Katavich, and Attorney General K. Harris.  Plaintiff complains that the CDCR is failing to comply with court-ordered

mandates to ease prison overcrowding; he complains that doctors refuse to accommodate his requests for x-rays, a dietician, and certain specialists; he complains that prison staff are refusing to accommodate his religious beliefs; he claims he sustained injuries in an attack by another inmate and prison staff did nothing to prevent it; he claims Defendants do not provide adequate protection to legally qualified disabled persons; he claims a CDCR-602 appeal was torn up and not submitted; and he claims Defendants have failed to provide him with safety glasses. Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007).

Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate his claims.

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's in forma pauperis status is REVOKED;

2. Plaintiff is DIRECTED to pay the $400.00 filing fee in full within thirty (30) days of the date of service of this order, or suffer dismissal of the action.

IT IS SO ORDERED.

Dated:   **June 4, 2015**              /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE

3